Jessica R. K. Dorman, Esq. (SBN: 279919)
jessica@westcoastlitigation.com
Joshua B. Swigart, Esq. (SBN: 225557)
josh@westcoastlitigation.com
Robert L. Hyde, Esq. (SBN: 227183)
bob@westcoastlitigation.com
**Hyde & Swigart**
411 Camino Del Rio South, Suite 301
San Diego, CA 92108-3551
(619) 233-7770
(619) 297-1022

Attorneys for Sarah N. Rozar

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| Sarah N. Rozar | Case No: '12CV3031 GPC BLM |
|---|---|
| Plaintiff, | **Class ActionComplaint For Damages** |
| v. | |
| Cavalry Portfolio Services, LLC | **Jury Trial Demanded** |
| Defendant. | |

## INTRODUCTION

1. The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy. Congress wrote the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. (hereinafter "FDCPA"), to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively

HYDE & SWIGART
San Diego, California

disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

2. The California legislature has determined that the banking and credit system and grantors of credit to consumers are dependent upon the collection of just and owing debts and that unfair or deceptive collection practices undermine the public confidence that is essential to the continued functioning of the banking and credit system and sound extensions of credit to consumers. The Legislature has further determined that there is a need to ensure that debt collectors exercise this responsibility with fairness, honesty and due regard for the debtor's rights and that debt collectors must be prohibited from engaging in unfair or deceptive acts or practices.

3. The FDCPA broadly prohibits unfair or unconscionable collection methods; conduct which harasses, oppresses or abuses any debtor; and any false, deceptive or misleading statements, in connection with the collection of a debt; it also requires debt collectors give debtors certain information. *15 U.S.C §§1692d, 1692e, 1692f, and 1692g.*

4. Sarah N. Rozar ("Plaintiff"), through Plaintiff's attorneys, brings this action to challenge the actions of Cavalry Portfolio Services, LLC ("Defendant"), with regard to attempts by Defendant to unlawfully and abusively collect a debt allegedly owed by Plaintiff, this conduct having caused Plaintiff damages.

5. Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to a plaintiff, or to a plaintiff's counsel, which Plaintiff alleges on personal knowledge.

6. While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

7. Unless otherwise stated, all the conduct engaged in by Defendant took place in California.

///

HYDE & SWIGART
San Diego, California

8.   Unless otherwise stated, any violations by Defendant were knowing, willful, and intentional, and Defendant did not maintain procedures reasonably adapted to avoid any such violation.

### JURISDICTION AND VENUE

9.   Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331, 15 U.S.C. § 1692(k), and 28 U.S.C. § 1367 for supplemental state claims.

10.  This action arises out of Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq. ("FDCPA") and the Rosenthal Fair Debt Collection Practices Act, California Civil Code §§ 1788-1788.32 ("Rosenthal Act").

11.  Because Defendant does business within the State of California, personal jurisdiction is established.

12.  Venue is proper pursuant to 28 U.S.C. § 1391.

13.  At all times relevant, Defendant conducted business within the State of California.

### PARTIES

14.  Plaintiff is a natural person who resides in the City of Oceanside, in the County of San Diego, State of California.

15.  Defendant is located in the City of Hawthorne, in the County of Westchester, in the State of New York.

16.  Plaintiff is obligated or allegedly obligated to pay a debt, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

17.  Defendant is a person who uses an instrumentality of interstate commerce or the mails in a business the principal purpose of which is the collection of debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and is therefore a debt collector as that phrase is defined by 15 U.S.C. § 1692a(6).

HYDE & SWIGART
San Diego, California

18. Plaintiff is a natural person from whom a debt collector sought to collect a consumer debt which was due and owing or alleged to be due and owing from Plaintiff, and is a "debtor" as that term is defined by California Civil Code § 1788.2(h).

19. Defendant, in the ordinary course of business, regularly, on behalf of himself, herself, or others, engages in debt collection as that term is defined by California Civil Code § 1788.2(b), is therefore a debt collector as that term is defined by California Civil Code § 1788.2(c).

20. This case involves money, property or their equivalent, due or owing or alleged to be due or owing from a natural person by reason of a consumer credit transaction.  As such, this action arises out of a consumer debt and "consumer credit" as those terms are defined by Cal. Civ. Code § 1788.2(f).

### PRIVACY PROTECTIONS IN THE FDCPA AND THE ROSENTHAL ACT

21. The FDCPA contains a number of provisions that prevent debt collectors from informing third parties that a given individual allegedly owes a debt. "[T]he FDCPA generally protects the consumer's privacy by limiting debt collector communications about personal affairs to third parties ..."  *FTC Official Staff Commentary on the Fair Debt Collection Practices Act, 53 Fed. Reg. 50097 (Dec. 13, 1988), at 50103.*

22. 15 U.S.C. § 1692c(b) contains a general prohibition against debt collectors communicating with third parties:

> (b) Communication with third parties
> Except as provided in section 1692b of this title, without the prior consent of the consumer given directly to the debt collector, or the express permission of a court of competent jurisdiction, or as reasonably necessary to effectuate a postjudgment judicial remedy, a debt collector may not communicate, in connection with the collection of any debt, with any person other than the consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of

HYDE & SWIGART
San Diego, California

HYDE & SWIGART
San Diego, California

the debt collector.

Section 1692b, which discusses the restrictions on the acquisition of location information on a consumer, is not applicable here.

23.  15 U.S.C. § 1692d(3) and (4) define as "harassment" and a violation of the FDCPA **"[t]he publication of a list of consumers who allegedly refuse to pay debts, except to a consumer reporting agency or to persons meeting the requirements of section 1681a(f) or 1681b(3) of this title" and the "advertisement for sale of any debt to coerce payment of the debt."** Section 1681a(f) is the Fair Credit Reporting Act definition of consumer reporting agency.  Section 1681b(3) is a Fair Credit Reporting Act provision dealing with use of consumer reports.  The Federal Trade Commission has interpreted these provisions to bar publication to one or more persons: "Debt collectors may not exchange lists of consumers who allegedly refuse to pay their debts ... a debt collector may not distribute a list of alleged debtors to its creditor subscribers." *FTC Official Staff Commentary on the Fair Debt Collection Practices Act, 53 Fed. Reg. 50097 (Dec. 13, 1988), at 50105.*

24.  The relevant portions of 15 U.S.C. § l692e provide that:

**§ 1692e. False or misleading representations [FDCPA § 807]**

A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

[...]

(5) The threat to take any action that cannot legally be taken or that is not intended to be taken.

[...]

(10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information

1

concerning a consumer.

2

3

### FACTUAL ALLEGATIONS

4

25.   Sometime before July 4, 2012, Plaintiff is alleged to have incurred certain

5

financial obligations.

6

26.   These financial obligations were primarily for personal, family or household

7

purposes and are therefore a "debt" as that term is defined by 15 U.S.C.

8

§1692a(5).

9

27.   These alleged obligations were money, property, or their equivalent, which is due

10

or owing, or alleged to be due or owing, from a natural person to another person

11

and are therefore a "debt" as that term is defined by California Civil Code

12

§1788.2(d), and a "consumer debt" as that term is defined by California Civil

13

Code §1788.2(f).

14

28.   Sometime thereafter, but before July 4, 2012, Plaintiff allegedly fell behind in the

15

payments allegedly owed on the alleged debt.    Plaintiff currently takes no

16

position as to the validity of this alleged debt.

17

29.   Subsequently, but before July 4, 2012, the alleged debt was assigned, placed, or

18

otherwise transferred to Defendant for collection.

19

30.   On or about July 4, 2012, Defendant sent a dunning letter to Plaintiff by mail.  A

20

few days later, Plaintiff received that letter.  True and correct copies of the front

21

and back of this letter are attached to this Complaint as Exhibits A and B,

22

respectively.

23

31.   In this July 4, 2012, letter to Plaintiff, Defendant included a section labelled

24

"Privacy Notice" on the back side of the letter.  A true and correct copy of this

25

Privacy Notice is included in Exhibit B, which is attached to this Complaint.

26

32.   Exhibits A and B are hereinafter jointly referred to in this Complaint as the "July

27

4, 2012 mailing."

28

HYDE & SWIGART
San Diego, California

33.   This July 4, 2012 mailing sought to collect debts allegedly incurred for personal, family or household purposes.

34.   This July 4, 2012 mailing sought to collect money, property, or their equivalent, which is due or owing, or alleged to be due or owing, from a natural person to another person.

35.   This July 4, 2012 mailing to Plaintiff was a "communication" as that term is defined by 15 U.S.C. § 1692a(2), and an "initial communication" consistent with 15 U.S.C. § 1692g(a).

36.   This July 4, 2012 mailing was a "debt collection" as Cal. Civ. Code 1788.2(b) defines that phrase, and an "initial communication" consistent with Cal. Civ. Code § 1812.700(b).

37.   The Privacy Notice included in this July 4, 2012 mailing, and referred to above, states as follows:

### Privacy Notice

**In accordance with federal regulations, Cavalry is giving you this notice to tell you how we may use non-public personal information about you and your account ("Private Information"). This notice applies whether you are a current or a former customer of Cavalry.**

COLLECTION AND USE OF PRIVATE INFORMATION
We collect Private Information about you from the following sources:
- Information we receive from you either directly or indirectly, such as information on applications or other forms, which may include your name, address, social security number and income.
- Information about your transactions with us or others, such s [sic] your account balance and payment history.
- Information we receive from consumer reporting agencies, such as your credit history and credit worthiness.

38.   All of the information in the July 4, 2012 mailing is integral to the debt collection process.

HYDE & SWIGART
San Diego, California

39. The Privacy Notice included in this July 4, 2012 mailing, and referred to above, also states as follows:

> DISCLOSURE OF PRIVATE INFORMATION
> We only disclose information we collect to affiliated and non-affiliated third parties as permitted by the federal Fair Debt Collection Practices Act. We may disclose information we collect to:
> - Credit Bureaus
> - The original creditor and entities that have had an ownership interest in your account
> - Entities that provide mailing services on our behalf
> - Entities that provide collection-related services on our behalf
> - Others, such as third parties, when you direct us to share information about you
> - Affiliated and non-affiliated parties if not prohibited by the Fair Debt Collection Practices Act or by other applicable Laws.

40. Many of the uses listed in this Privacy Notice are prohibited by the FDCPA and the Rosenthal Act, in that they are with persons other than "the consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector."   Actual disclosures of that nature would violate 15 U.S.C. § 1692c, as well as Cal. Civ. Code § 1788.17, and the statement that Defendant would make such disclosures, or has the right to do so, violates 15 U.S.C. § 1692e and 15 U.S.C. § 1692e(5), as well as Cal. Civ. Code § 1788.17.

41. In addition, several of the listed uses in this Privacy Notice amount to the publication of lists of persons who have allegedly refused to pay debts, and either still have not paid or were ultimately induced to pay.  The actual publication of such lists would violate 15 U.S.C. § l692d, as well as Cal. Civ. Code § 1788.17, and the statement that Defendant will do so or has the right to do so violates 15 U.S.C. § 1692e, as well as Cal. Civ. Code § 1788.17.

//

42.   For example, debt collectors have been known to sell lists of persons who have not paid their debts to issuers of subprime credit cards, who offer to issue a credit card if the consumer will put some or all of the unpaid debt on the credit card. Prospective lenders are not among the parties to whom a debt may be disclosed under 15 U.S.C. § 1692c.

43.   The Privacy Notice included in this July 4, 2012 mailing, and referred to above then proceeds to state the following:

> MAINTENANCE OF ACCURATE INFORMATION
> We have established procedures to correct inaccurate information in a timely manner. If you have any reason to believe that our record of your Private Information is incorrect, contact us in writing at 500 Summit Lake Drive Suite 400 Valhalla, NY 10595-1340. We will investigate the situation and, when appropriate, update our records accordingly.

44.   This is a misstatement of the consumer's rights under 15 U.S.C. § 1692c, as well as Cal. Civ. Code § 1788.17, which requires that the consumer provide prior consent given directly to the debt collector or, in the alternative, that a court of competent jurisdiction grant express permission to the debt collector, before the debt may be disclosed to anyone other than the consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector.

45.   The Privacy Notice included in this July 4, 2012 mailing, and referred to above further states:

> PROTECTION OF INFORMATION
> We restrict access to Private Information about you to our employees who need this information to provide products and services to you. We maintain physical, electronic, and procedural safeguards that are consistent with federal standard to guard your Private Information.

HYDE & SWIGART
San Diego, California

HYDE & SWIGART
San Diego, California

46.  This paragraph regarding protection of information contradicts the proceeding paragraphs in which the Defendant explains in broad terms that information about the Plaintiff will be shared with third parties, not restricted to ONLY Defendant's employees who NEED the information.

47.  Through this conduct, Defendant used a false, deceptive, or misleading representation or means in connection with the collection of a debt. Consequently, Defendant violated 15 U.S.C. § 1692e and 15 U.S.C. § 1692e(10).

48.  Because this violated certain portions of the federal Fair Debt Collection Practices Act as these portions are incorporated by reference in the Rosenthal Fair Debt Collection Practices Act, through California Civil Code § 1788.17, this conduct or omission violated Cal. Civ. Code § 1788.17.

49.  Finally, the inclusion of erroneous statements in the July 4, 2012 mailing claiming that information about the debtor can or will be disclosed to third parties amounts to an implicit threat that the debtor's privacy will be invaded if the debt is not paid, all in violation of the FDCPA and the Rosenthal Act.

50.  Through this conduct, Defendant threatened to take action that cannot legally be taken or that is not intended to be taken.  Consequently, Defendant violated 15 U.S.C. § 1692e(5).

### CLASS ALLEGATIONS

51.  Plaintiff bring this action on behalf of two classes, enumerated here as "Class One" and "Class Two."

### Class One

52.  Class One consists of (a) all natural persons with addresses inside California, (b) who were sent a notice in the form represented by the July 4, 2012 mailing (c) on or after a date one year prior to the filing of this action, and (d) on or before a date 20 days after the filing of this action.

53.  There are more than 1000 members of the class, and the class members are so numerous that joinder is impracticable.

54. There are questions of law and fact common to the class members, which common questions predominate over any questions that affect only individual class members. The predominant common question is whether by the July 4, 2012 mailing Defendant violated the Rosenthal Act.

<u>Class Two</u>

55. Class Two consists of (a) all natural persons with addresses inside the United States, (b) who were sent a notice in the form represented by the July 4, 2012 mailing (c) on or after a date one year prior to the filing of this action, and (d) on or before a date 20 days after the filing of this action.

56. There are more than 1000 members of the class, and the class members are so numerous that joinder is impracticable.

57. There are questions of law and fact common to the class members, which common questions predominate over any questions that affect only individual class members. The predominant common question is whether by the July 4, 2012 mailing Defendant violated the FDCPA.

58. Plaintiff's claims are typical of the claims of the class members. All are based on the same factual and legal theories.

59. Plaintiff will fairly and adequately represent the interests of the class members. Plaintiff has retained counsel experienced in consumer credit and debt collection abuse cases.

60. A class action is superior to other alternative methods of adjudicating this dispute. Individual cases are not economically feasible. Many debtors may not realize that their rights are violated.

///
///
///
///
///

HYDE & SWIGART
San Diego, California

**CAUSES OF ACTION**

**COUNT I**

**FAIR DEBT COLLECTION PRACTICES ACT (FDCPA)**

**15 U.S.C. §§ 1692 ET SEQ.**

(BY PLAINTIFF INDIVIDUALLY AND ON BEHALF OF CLASS TWO AGAINST ALL
DEFENDANTS)

61.   Plaintiff repeats, re-alleges, and incorporates by reference, all other paragraphs.

62.   The foregoing acts and omissions constitute numerous and multiple violations of the FDCPA, including but not limited to each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq.

63.   As a result of each and every violation of the FDCPA, Plaintiff is entitled to any actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from Defendant.

**COUNT II**

**ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT (ROSENTHAL ACT)**

**CAL. CIV. CODE §§ 1788-1788.32**

(BY PLAINTIFF INDIVIDUALLY AND ON BEHALF OF CLASS ONE AGAINST ALL
DEFENDANTS)

64.   Plaintiff repeats, re-alleges, and incorporates by reference, all other paragraphs.

65.   The foregoing acts and omissions constitute numerous and multiple violations of the Rosenthal Act, including but not limited to each and every one of the above-cited provisions of the Rosenthal Act, Cal. Civ. Code §§ 1788-1788.32

66.   As a result of each and every violation of the Rosenthal Act, Plaintiff is entitled to any actual damages pursuant to Cal. Civ. Code § 1788.30(a); statutory damages for a knowing or willful violation in the amount up to $1,000.00 pursuant to Cal. Civ. Code § 1788.30(b); and reasonable attorney's fees and costs pursuant to Cal. Civ. Code § 1788.30(c) from Defendant.

HYDE & SWIGART
San Diego, California

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays that judgment be entered against Defendant, and Plaintiff be awarded damages from Defendant, as follows:

- An award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1);
- An award of statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A);
- An award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k(a)(3);
- An award of actual damages pursuant to California Civil Code § 1788.30(a);
- An award of statutory damages of $1,000.00 pursuant to Cal. Civ. Code § 1788.30(b);
- An award of costs of litigation and reasonable attorney's fees, pursuant to Cal. Civ. Code § 1788.30(c).

67.   Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Respectfully submitted,

**Hyde & Swigart**

Date: <u>December 19, 2012</u>              By: <u>s/Jessica R. K. Dorman</u>
                                         Jessica R. K. Dorman
                                         Attorneys for Plaintiff